IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DARRON CURLEY, | No. CV-06-0342-PHX-MHM (BPV) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| JOSEPH ARPAIO, | |
| Defendant. | |

Darron Curley (Plaintiff), address presently unknown, filed with the Clerk of the Court on January 27, 2006, a *pro se* "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) pursuant to 42 U.S.C. § 1983.[1]  Plaintiff has not paid the two hundred and fifty dollar ($250.00) filing fee, but he has been authorized to proceed *In Forma Pauperis*.

**RETURNED MAIL**

On April 15, 2006, the Court entered an order directing the Clerk of the Court to mail a service packet to the Plaintiff, due for return to the Court on May 11, 2006.  (Document # 3) The order and service packet were mailed by the Clerk of Court to Plaintiff at his last

---

[1] When Plaintiff filed the Complaint, he was confined in the Lower Buckeye Jail in Phoenix, Arizona.

- 1 -

1 known address at the Buckeye Jail on April 21, 2006. On April 21, 2006, the mail was
2 returned to the Clerk of the Court with the notation "RTS," presumably for "Return to
3 Sender." Since then, Plaintiff has failed to file a Notice of Change of Address, or in any way
4 to notify the Court of his whereabouts.

5 Rule 3.4(a) of the Local Rules of Civil Procedure (LRCiv) requires that an
6 incarcerated litigant comply with the instructions attached to the Court-approved Complaint
7 form. Those instructions state: "You must immediately notify the clerk . . . in writing of any
8 change in your mailing address. Failure to notify the court of any change in your mailing
9 address may result in the dismissal of your case." (Information and Instructions for a
10 Prisoner Filing Civil Rights Complaint at 2).

11 Also, in its Notice of Assignment the Court warned Plaintiff that "[f]ailure to comply
12 with the following rules will result in your document being STRUCK and/or your case being
13 DISMISSED." (Notice at 1). One of the rules listed was that "[y]ou must file a Notice of
14 Change of Address if your address changes." (Document #2).

15 **FAILURE TO PROSECUTE**

16 Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co.*
17 *v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the
18 duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her
19 current address and to comply with the Court's orders in a timely fashion. This Court does
20 not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears
21 the burden of keeping the court apprised of any changes in his mailing address." *Carey v.*
22 *King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of
23 his new address constitutes failure to prosecute.

24 Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the
25 plaintiff to prosecute or to comply with these rules or any order of court, a defendant may
26 move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31
27 (1962), the Supreme Court recognized that a federal district court has the inherent power to
28 dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b)

1   of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id*. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey,* 856 F.2d at 1440 (quoting Henderson v. *Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in *Carey*, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action should therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**RECOMMENDATION**

Based on the foregoing and pursuant to 28 U.S.C. § 636(b), the Magistrate Judge recommends that the "Civil Rights Complaint By A Prisoner" (Doc. 1) and this action be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 10 days after being served with a copy of this Report and Recommendation. If objections are not timely filed they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV 06-0342-PHX-MHM.**

DATED this 16th day of June, 2006.

_____
Bernardo P. Velasco
United States Magistrate Judge